UNITED STATES DISTRICT COURT

FOR The EASTERN DISTRICT OF MICHIGAN

WILLIAM PATRICK GUESS,
An individual,

    Plaintiff,

v.

ST. MARTINUS UNIVERSITY, a
University, and OAKLAND PHYSICIANS
MEDICAL CENTER, LLC, a Michigan
Limited Liability Company,

    Defendants.

_____/

TIMOTHY M. KAUFMANN (P75347)
Kaufmann Legal Services, PLLC
P.O. Box 1047
Clarkston, Michigan 48347
(248) 942-4922
Fax (248) 942-2453
tkaufmann@kaufmannlegalservices.com

_____/

**COMPLAINT**

Plaintiff states:

Introduction

1. This is an action for declaratory and injunctive relief brought by Plaintiff pursuant to the Americans with Disabilities Act of 1990 (ADA), the ADA Amendments Act of 2008, and the Federal Declaratory Judgment Act, 28 USC 2201, 2202. Specifically, Plaintiff alleges that Defendants, in violation of state and federal law, have prohibited Plaintiff from utilizing his necessary and authorized accommodations in education.

Parties

2. Plaintiff is a student at St. Martinus University Medical School, part of Oakland Physicians Medical Center, LLC owners of Pontiac General Hospital, and resides in Oakland County, Michigan.

3. Defendant St. Martinus operates in Oakland County and has substantial contacts with the State of Michigan and is affiliated with Defendant Oakland Physicians Medical Center and at least one of its campuses is located in Oakland County Michigan.

4. Defendant St. Martinus is either a "public entity" for the purposes of the ADA, 42 USC 12131, or, alternatively, "public accommodations and services operated by a private entity" for the purposes of the ADA, 42 USC 12181.

5. Defendant Oakland Physicians Medical Center, LLC located in Oakland County Michigan.

6. Defendant Oakland Physicians Medical Center, LLC is either a "public entity" for the purposes of the ADA, 42 USC 12131, or, alternatively, "public accommodations and services operated by a private entity" for the purposes of the ADA, 42 USC 12181.

Subject Matter, Jurisdiction, and Venue

7. This action arises under the ADA, 42 USC 12101–12213. The jurisdiction of this court is invoked pursuant to 28 USC 1331, 1343, 1367, and 2201 as well as 42 USC 12133 and 12188.

8. This claim arises out of acts undertaken and injuries suffered in this federal district. Venue is proper pursuant to 28 USC 1391.

Factual Allegations

9. As of the filing of this complaint, Plaintiff is a 32-year-old medical student attending Washington medical school.

10. During Plaintiff's tenure at Defendant School, Defendant school failed to provide him with the appropriate accommodations which were granted to him pursuant to the Americans with Disabilities Act. See **Exhibit 1**, Email From NBMEWebtest, dated Wednesday June 12, 2019.

11. Namely, due to Defendant's actions Plaintiff was not given extra time during required testing for advancement from one phase of his education to another. See **Exhibit 2**, Email from NBMEWebtest, dated June 26, 2019.

12. Defendant was made aware of Plaintiff's needs, even to the extent of charging him for the ability to use the accommodations, and still failed to provide those accommodations.

13. After failing to provide Plaintiff with the accommodations he was entitled to Defendant charged him for failing to progress in what Defendant thought was a satisfactory manner. See **Exhibit 3**, Email from Mathew Chacko, dated February 1, 2019.

14. It is unthinkable that an institution of higher learning would ignore the needs of one of its own students so completely and then attempt to charge them for the institution's own failures.

15. As a result of Defendant's failures on behalf of Plaintiff, Plaintiff had to seek medical treatment for stress and it further impacted Plaintiff's studies. See **Exhibit 4**, Letter from Dr. Yashinsky, dated June 18, 2019.

16. Plaintiff was eventually able to secure a position at another medical school.

17. However, this did not end Plaintiff's problems Defendant continues to withhold Plaintiff's official transcripts which are needed by his new medical school and will be needed when he takes his boards.

18. Plaintiff has suffered continued damages both based on the Americans with Disabilities Act and in the multiple breaches of the education contract he had with Defendant.

## Statement of Americans with Disabilities Claim

19. Plaintiff incorporates by reference paragraphs 1 through 18.

20. Plaintiff is a qualified individual with disabilities for purposes of the ADA. 42 USC 12131(2).

21. Defendant is a public entity for purposes of the ADA. 42 USC 12131(1).

22. Alternatively, Defendant is a public accommodation operated by a private entity for purposes of the ADA. 42 USC 12181.

23. Defendant has denied Plaintiff the benefits of Defendants' services, programs, and activities, solely by reason of Plaintiff's disabilities, in violation of 42 USC 12132, 12182 and, by refusing to waive the eight-semester eligibility rule, have violated the ADA by refusing to make reasonable accommodation for Plaintiff's disability.

24. Defendants have caused, and continue to cause, Plaintiff to suffer irreparable harm for which he has no adequate remedy at law, including, without limitation, the deprivation of his rights as an individual with disabilities.

## Statement of Breach of Contract Claim

25. Plaintiff incorporates by reference paragraphs 1 through 24.

26. Defendant's conduct as described in this complaint constituted a breach of the contract between the parties.

27. Plaintiff has been damaged by Defendant's breach in the amount of $900,000, which consists of the lost pay Plaintiff would have received had he been able to graduate on time and 11,280 incurred in additional fees to Defendant and costs associated with changing Schools.

PLAINTIFF REQUESTS that this court grant him the following relief:

1. Immediately issue a temporary restraining order restraining Defendant from taking any action negatively impacting Plaintiff's Education, including exempting Plaintiff from paying any fees for his transcript.

2. Order an expedited hearing on Plaintiff's request for a preliminary injunction.

3. After a hearing, issue an injunction ordering Defendant to provide Plaintiff a copy of his official transcript.

4. Issue a declaratory judgment, pursuant to the Federal Declaratory Judgment Act, that Defendant's action was in violation of the ADA.

6. Award to Plaintiff his reasonable attorney fees, expenses, and costs pursuant to 42 USC 12205.

7. Order other and further relief that the court deems just and proper.


                                                        Kaufmann Legal Services, PLLC

                                                        By: /s/ *Timothy M. Kaufmann*_____
                                                        **Timothy M. Kaufmann** (P75347)

Dated: July 19, 2019                       Attorney for Plaintiff

Exhibit 1

Exhibit 2

Exhibit 3

Exhibit 3

Exhibit 4